# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHIMACUM SCHOOL DISTRICT, | No. 50637-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| D.P., student, | |
| C.P., mother, | |
| Appellant. | |

MAXA, C.J. – DP appeals the trial court's truancy and contempt orders entered after DP accumulated several unexcused absences during the 2016-17 school year.

Under RCW 28A.225.010(1), school attendance is mandatory for children between the ages of 8 and 18. Because of DP's absences, the Chimacum School District (CSD) filed a petition requesting that the trial court assume jurisdiction over DP's school attendance. The trial court entered a truancy order assuming jurisdiction. The court later found DP in contempt of the truancy order when he accrued additional unexcused absences. However, the trial court subsequently dismissed DP's truancy matter at the end of the school year.

Although DP's appeal is moot because the truancy case has been dismissed, we address the trial court's entry of the truancy order because DP raises a continuing or recurring issue of substantial public interest regarding CSD's performance of its obligations under RCW 28A.225.020. We hold that the trial court erred in finding that CSD met its obligations under

RCW 28A.225.020 because the school district's designee did not conduct a Washington assessment of the risks and needs of students (WARNS) of DP before CSD filed the truancy petition. Accordingly, we reverse and remand for the trial court to vacate the truancy order and the contempt order.

FACTS

At the beginning of the 2016-17 school year, DP was a 7th grade student at Chimacum Middle School. In September, DP began to regularly miss school. A large number of these absences were unexcused.

On September 29, Chimacum Middle School principal David Carthum sent a letter to DP's mother informing her that DP had two or more unexcused absences in the current school year and reminding her that school attendance was compulsory under chapter 28A.225 RCW. Carthum did not receive a response to this letter.

Carthum began formally talking with DP to address his unexcused absences, meeting with DP twice in October. Carthum explained to DP that "if he hit 10 unexcused absences in a school year he could end up in court." Report of Proceedings (RP) at 9. Carthum also advised DP at the second meeting that he was "getting close to [a] truancy position." RP at 9.

On October 20, Carthum sent DP's mother a second letter regarding DP's unexcused absences and attached DP's then-current attendance record. The letter asked DP's mother to call and schedule an attendance conference within 10 days of the date of the letter. A conference was scheduled for October 31, but DP's mother failed to appear for this meeting.

By December 8, DP had been absent from school a total of 27 times since the beginning of the school year. DP's mother had written to the school asking that some of DP's absences be

excused, but at least 10 or more were unexcused. CSD did not perform a WARNS assessment of DP at that time.

On December 13, CSD filed a truancy petition with the trial court, alleging that, because CSD's efforts to mitigate DP's absences had been unsuccessful, court intervention and supervision were necessary. CSD did not conduct a WARNS assessment of DP before filing the petition. After a number of review hearings in early 2017, a hearing on the merits of the petition was set for April 13.

On April 13, only a few hours before the hearing took place, CSD truancy coordinator Kurt Munnich conducted a WARNS assessment of DP. The WARNS assessment was a series of approximately 80 questions designed to identify the underlying causes of a particular student's attendance problems.

After the hearing, the trial court orally ruled that the school had met its obligation to accommodate DP and that DP's absences continued despite those efforts. The trial court entered an order finding that DP had failed to attend school as required by chapter 28A.225 RCW, that DP's mother had violated RCW 28A.225.010 by failing to ensure DP's attendance, and that CSD had complied with its duties under RCW 28A.225.020 to inform DP's mother of his absences and to attempt to eliminate or reduce those absences. The court assumed jurisdiction of DP's truancy and ordered DP to attend school on a regular basis.

The trial court held a review hearing on May 25 and found DP in contempt of the truancy order because he had accrued seven additional unexcused absences within the past month. The trial court ordered DP to participate in family therapy to purge the contempt.

On June 27, the trial court dismissed the truancy matter because the 2016-17 school year had ended and therefore CSD's petition no longer was necessary.

DP appeals the trial court's truancy order and contempt order.

ANALYSIS

A.    TRUANCY STATUTES – CHAPTER 28A.225 RCW

Public school attendance for children between the ages of 8 and 18 is mandatory unless an exception applies. RCW 28A.225.010(1). In 2016, the legislature enacted significant amendments to chapter 28A.225 RCW, effective June 9, 2016.[1] LAWS OF 2016, ch. 205. These amendments expanded the obligations of public schools to address a student's failure to attend school, introduced the WARNS assessment as a tool to assess the risks and needs of individual students, and made community truancy boards mandatory for all school districts by the beginning of the 2017-18 school year. Former RCW 28A.225.020(1) (2016); RCW 28A.225.026.[2]

With respect to a student who fails to attend school without justification, former RCW 28A.225.020(1) states that public schools must (1) inform the child's parent after one excused absence in any month, (2) schedule a conference with the parent and child "at a time reasonably convenient for all persons included for the purpose of analyzing the causes of the child's

---

[1] The legislature enacted further amendments to chapter 28A.225 RCW effective July 23, 2017. LAWS OF 2017, ch. 291. Unless otherwise indicated, we refer to the provisions of chapter 28A.225 RCW as effective between June 9, 2016 and July 23, 2017.

[2] Because only minor changes were made to RCW 28A.225.026 in 2017, we cite to the current version.

absences" after two unexcused absences in any month, and (3) "take data-informed steps to eliminate or reduce the child's absences."

These data-informed steps "shall include application of [WARNS] by a school district's designee under RCW 28A.225.026." Former RCW 28A.225.020(1)(c). Other possible steps are outlined in former RCW 28A.225.020(1)(c), including "approved best practice or research-based intervention, or both, consistent with the WARNS profile."

The school district's designee referenced in former RCW 28A.225.020(1)(c) is described as follows:

> All school districts must designate, and identify to the local juvenile court and to the office of the superintendent of public instruction, a person or persons to coordinate school district efforts to address excessive absenteeism and truancy, including tasks associated with: Outreach and conferences pursuant to RCW 28A.225.018; entering into a memorandum of understanding with the juvenile court; establishing protocols and procedures with the court; coordinating trainings; sharing evidence-based and culturally appropriate promising practices; identifying a person within every school to serve as a contact with respect to excessive absenteeism and truancy; and assisting in the recruitment of community truancy board members.

RCW 28A.225.026(4).

RCW 28A.225.026 makes community truancy boards mandatory for all school districts by the beginning of the 2017-18 school year. A community truancy board is

> a board established pursuant to a memorandum of understanding between a juvenile court and a school district and composed of members of the local community in which the child attends school. Community truancy boards must include members who receive training regarding the identification of barriers to school attendance, the use of [WARNS] or other assessment tools to identify the specific needs of individual children.

RCW 28A.225.025.[3]

If the actions of the school district under former RCW 28A.225.020 are not successful in substantially reducing the student's absences, the school district must file a petition with the court alleging a violation of RCW 28A.225.010 no later than the student's seventh unexcused absence within any month or tenth unexcused absence during the current school year.  RCW 28A.225.030(1).[4]  This petition must include

> a list of all interventions that have been attempted as set forth in RCW 28A.225.020, . . . a copy of any previous truancy assessment completed by the child's current school district, the history of approved best practices intervention or research-based intervention previously provided to the child by the child's current school district, and a copy of the most recent truancy information document provided to the parent.

RCW 28A.225.030(1).

When a petition is filed, the juvenile court must initially stay the petition and refer the parent and the child to the community truancy board.  RCW 28A.225.035(4)(a).  If the community truancy board cannot reach an agreement or if the parent or child does not comply with the agreement, the community truancy board must return the case to juvenile court and the stay will be lifted.  RCW 28A.225.035(6).  If a community truancy board is not in place, the juvenile court must schedule a hearing to consider the petition.  RCW 28A.225.035(4)(b).

---

[3] Because only minor changes were made to RCW 28A.225.025 in 2017, we cite to the current version.

[4] Because only minor changes were made to RCW 28A.225.030 in 2017, we cite to the current version.

In some cases, the trial court may decide not to hold a hearing on the truancy petition "if other actions by the court would substantially reduce the child's unexcused absences." RCW 28A.225.035(7)(a).

> Such actions may include referral to an existing community truancy board, use of [WARNS] or other assessment tools to identify the specific needs of individual children, the provision of community-based services, and the provision of evidence-based treatments that have been found to be effective in supporting at-risk youth and their families.

RCW 28A.225.035(7)(a).

B.      MOOTNESS

CSD argues as a threshold matter that DP's appeal is moot because the trial court dismissed the truancy matter in June 2017. DP responds that we should address the issues in the appeal because they involve matters of continuing and substantial public interest. Even though this appeal is moot, we will address the trial court's entry of the truancy order.

1.    Legal Principles

An appeal is moot if we no longer can provide effective relief. *In re Det. of M.W.*, 185 Wn.2d 633, 648, 374 P.3d 1123 (2016). The issues presented in a truancy appeal generally are moot when the truancy matter has been dismissed. *See Bellevue Sch. Dist. v. E.S.*, 171 Wn.2d 695, 699 n.1, 257 P.3d 570 (2011). However, we have discretion to decide a moot case if it involves a matter of "continuing and substantial public interest." *M.W.*, 185 Wn.2d at 648. In determining whether a moot case falls within this exception, we consider the public or private nature of the issue presented, the need for an authoritative determination that will provide future guidance to public officers, and the likelihood that the issue will recur in the future. *Id.*

Courts have reached the merits of truancy appeals that have become moot where the questions raised were continuing or recurring issues of substantial public interest. *See, e.g.*, *E.S.*, 171 Wn.2d at 698 (whether due process requires the appointment of counsel to represent a child at an initial truancy hearing); *In re J.L.*, 140 Wn. App. 438, 443, 166 P.3d 776 (2007) (whether a truant minor can constitutionally be incarcerated); *In re M.B.*, 101 Wn. App. 425, 433, 3 P.3d 780 (2000) (whether due process allows the imposition of "remedial" detention as a contempt sanction for violating conditions of truancy disposition orders).

2.    Analysis

Here, CSD argues that the trial court's dismissal of the truancy matter at the end of the 2016-17 school year renders DP's appeal moot. DP essentially concedes that the appeal is moot. We agree that DP's appeal is moot.

DP argues that his appeal involves issues of continuing and substantial public interest because school districts and juvenile courts need guidance regarding the application of the 2016 amendments to the truancy statutes. Specifically, DP asserts that whether school districts are required to perform the WARNS assessment before filing a truancy petition is a matter of continuing and substantial public interest.

Whether a WARNS assessment is required before a school district can file a truancy petition is a public matter. In addition, this issue may recur in the future and guidance from this court is needed. Therefore, we will consider this issue even though it is moot.[5]

---

[5] DP also argues that we should consider two other moot issues: (1) defining "a time reasonably convenient for all persons" for purposes of scheduling the parent/school attendance conference required by former RCW 28A.225.020(1)(b), and (2) whether the trial court erred in suppressing the discussion of his WARNS assessment results at the truancy hearing. Because these issues do not involve matters of continuing and substantial public interest, we decline to address them.

C.       CSD'S STATUTORY OBLIGATIONS BEFORE FILING TRUANCY PETITION

DP argues that the trial court erred in finding that the school met its burden under former RCW 28A.225.020 to address his unexcused absences before filing a truancy petition. We agree with regard to the WARNS assessment requirement.

DP argues that CSD failed to meet its obligations under former RCW 28A.225.020 because CSD failed to conduct a WARNS assessment as expressly required by former RCW 28A.225.020(c)(i) before filing the truancy petition. CSD suggests that a WARNS assessment was only to be used to inform the actions of the community truancy board, and therefore was not required for DP because a community truancy board for CSD had not yet been formed.

Former RCW 28A.225.020(1)(c) unambiguously states that school districts are required to take data-informed steps that "shall include application of [WARNS] by a school district's designee under RCW 28A.255.026." Former RCW 28A.225.020(1)(c). Nothing in former RCW 28A.225.020(1) or any other provision states or even suggests that this requirement applies only if a community truancy board has been formed.

A truancy petition must be filed "if the actions taken by a school district under RCW 28A.225.020 are not successful in substantially reducing an enrolled student's absence." RCW 28A.225.030(1). The school where the student is enrolled must perform a WARNS assessment under former RCW 28A.225.020(1)(c) when the student fails to attend school without justification. Further, the truancy petition "must include a list of all interventions that have been attempted as set forth in RCW 28A.225.020." RCW 28A.225.030(1). Therefore, a WARNS assessment necessarily must be performed before a truancy petition is filed.

9

No. 50637-8-II

We conclude that CSD was required to conduct a WARNS assessment of DP before filing a truancy petition. Here, CSD did not perform a WARNS assessment until the day of the truancy hearing. Accordingly, we hold that the trial court erred in finding that CSD had satisfied this requirement and therefore that the trial court erred in entering the truancy order.[6] And consequently the trial court erred in entering the contempt order

CONCLUSION

We reverse and remand for the trial court to vacate the truancy order and the contempt order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

WORSWICK, J.

GLASGOW, J.

---

[6] DP also argues that CSD did not comply with the requirements of RCW 28A.225.020 because CSD failed to act on the WARNS assessment before the truancy hearing. Because we hold that the trial court erred in finding that CSD had complied with the WARNS assessment requirement, we need not address this issue.